UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
FREDRICK J. CHAPEY, JR., :
 :
                              Petitioner, :
 :
                - against - : Index No.
 :
MUHAMMED SOHAIL KHAN, :
 :
                            Respondent. :
 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO
<u>CONFIRM FINAL ARBITRATION AWARD</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
PRELIMINARY STATEMENT ............................................................................................... 1
RELEVANT BACKGROUND ................................................................................................. 1
LEGAL ARGUMENT ............................................................................................................... 2
CONCLUSION .......................................................................................................................... 3

# TABLE OF AUTHORITIES

**CASES**

*Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*,
  2012 WL 3583176 (S.D.N.Y. Aug. 21, 2012) ................................................................................ 2

*Clearwater Ins. Co. v. Granite State Ins. Co.*,
  2015 WL 500184 (S.D.N.Y. Feb. 5, 2015) ..................................................................................... 3

*D.H. Blair & Co. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2006) ............................................................................................................. 2

*Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*,
  2024 WL 1329381 (S.D.N.Y. Mar. 28, 2024) ................................................................................ 2

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
  552 U.S. 576 (2008) ....................................................................................................................... 2

*Loeb LLP v. Hangzhou Chic Intelligent Tech. Co.*,
  2024 WL 1700035 (S.D.N.Y. Apr. 19, 2024) ................................................................................ 3

**STATUTES**

The Federal Arbitration Act: 9 U.S.C. § 1 .................................................................................. 1, 2

Petitioner Fredrick J. Chapey, Jr. respectfully submits this memorandum of law in support of his Petition to Confirm the Final Arbitration Award (the "Petition").

## PRELIMINARY STATEMENT

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, (the "FAA") requires courts to confirm most arbitration awards. *See* 9 U.S.C. § 9. Mr. Chapey requests confirmation of an arbitration award which meets all the requirements for confirmation. Accordingly, Mr. Chapey requests that the Court grant his Petition to confirm the Final Award.

## RELEVANT BACKGROUND

The arbitrated dispute arose ▮▮▮▮▮▮▮▮▮▮ between Mr. Chapey and Respondent Muhammed Sohail Khan, ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ Petition ¶7; Petition Ex. B ¶16.

▮▮▮▮▮▮▮▮▮▮

In the Final Award that Mr. Chapey seeks to confirm, issued on October 16, 2024, ▮▮▮▮▮▮▮▮▮▮ Final Award, Petition Ex. A at 5.

As set forth in the Final Award, the Final Award ███████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████ Petitioner seeks confirmation of the Final Award, which incorporates by reference the two prior interim orders referenced above.

## LEGAL ARGUMENT

The FAA provides that any party to an arbitration may seek an order confirming the arbitration award. Under the FAA, courts evaluating confirmation "must grant such an order unless the award is vacated, modified, or corrected[.]" 9 U.S.C. § 9; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11.")

Accordingly, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quotation omitted). "Courts must give great deference to an arbitrator's decision." *Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*, No. 23-cv-05219 (ALC), 2024 WL 1329381, at *3 (S.D.N.Y. Mar. 28, 2024). "'The arbitrator's rationale for an award need not be explained,' and '[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award.'" *Id.* (quoting *D.H. Blair*, 462 F.3d at 110); *see also Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12 Civ. 3274 JPO, 2012 WL 3583176, at *4 (S.D.N.Y. Aug. 21, 2012) (confirming award where the parties assented to the panel, the panel considered evidence and testimony, and the award is "based upon the evidence and the arguments of counsel during the proceedings").

2

As set forth above, ████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████

Further, none of the grounds listed in FAA Section 10 for vacating, modifying, or correcting an award exist in this matter—"there is no evidence that 'the award was procured by corruption, fraud, or undue means;' that the arbitrator was 'partial or corrupt'; that the arbitrator was 'guilty of any misbehavior prejudicing the rights of any party; that the arbitrator[ ] exceeded or imperfectly executed [his] powers; or that there was a manifest disregard of the law.'" *Loeb & Loeb LLP v. Hangzhou Chic Intelligent Tech. Co.*, 2024 WL 1700035, at *3 (S.D.N.Y. Apr. 19, 2024) (quoting *Clearwater Ins. Co. v. Granite State Ins. Co.*, 2015 WL 500184, at *2 (S.D.N.Y. Feb. 5, 2015)). There is no reason why the Final Award should not be confirmed.

Therefore, the Court should enforce the Final Award and enter judgment on the Final Award as binding upon the parties.

## CONCLUSION

Accordingly, Petitioner respectfully requests that the Court grant this Petition, confirm the award, and direct entry of judgment in the form proposed. Petitioner requests such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       March 14, 2025

                                        SLARSKEY LLC

                                        By: /s/ David Slarskey
                                        David Slarskey
                                        767 Third Avenue, 14th Floor

3

        New York, New York 10170
        (212) 658-0661
        *Counsel for Petitioner Fredrick J. Chapey, Jr.*

To:    All counsel (via ECF)

4