UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDRICK J. CHAPEY, JR.,

                      Plaintiff,

            -v-

MUHAMMED SOHAIL KHAN,

                      Defendant.

25 Civ. 2266 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

      On March 25, 2025, plaintiff Fredrick J. Chapey, Jr. filed a motion to seal documents pursuant to a protective order entered into during an arbitral proceeding. *See* Dkts. 11–12. The protective order provided that "submissions, communications, documents, information exchanged, rulings, and transcripts in this proceeding shall be treated as 'Confidential Documents,'" and that "[a]ny party filing Confidential Documents in a court shall give reasonable notice to the to the other party to this arbitration and shall seek to file such Confidential Documents under seal." Dkt. 15, Ex. A. On March 26, 2025, the Court invited a response from defendant Muhammed Sohail Khan. Dkt. 14. On April 2, 2025, Khan filed an opposition. Dkt. 15. For the reasons that follow, the Court grants the motion to seal.

      Requests to seal must be narrowly tailored to serve the purpose that justifies them and otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to

judicial documents. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, No. 14 Md. 2543, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

Chapey represents that, although he is under "obligation to make th[e instant] application" to seal pursuant to the terms of the protective order, he "cannot represent to the Court that there is, in fact, good cause to seal the record." Dkt. 11-1 at 1. That is because, as he notes, "confidentiality agreements alone are not an adequate basis for sealing," and "[t]here are no issues of national security at stake, no innocent third-parties to be protected, no sensitive patient information, nor anything else of the like." *Id.* at 4. Chapey's request is thus, as Khan notes, "in all but name a request to *unseal*." Dkt. 15 at 3.

Khan, for his part, "believe[s] sealing is appropriate here" in light of the Second Circuit's recent decision in *Stafford v. IBM*, 78 F.4th 62 (2d Cir. 2023), which held that "any presumption of public access to judicial documents is outweighed by the importance of confidentiality under the FAA and the impropriety of [a party's] effort to evade the confidentiality provision in [the] arbitration agreement." *Id.* at 65.

*Stafford* requires sealing here. Emphasizing "the FAA's strong policy in favor of confidentiality," the Circuit explained that "[c]onfidentiality is a paradigmatic aspect of arbitration" and that "courts must rigorously enforce arbitration agreements according to their terms." *Id.* at 69. "Allowing unsealing under such circumstances would create a legal loophole allowing parties to evade confidentiality agreements simply by attaching documents to court filings." *Id.* at 71; *see also In re IBM Arbitration Agreement Litigation*, 76 F.4th 74, 81 (2d Cir. 2023) (affirming the sealing of an arbitral award based in part on "the FAA's strong policy protecting the confidentiality of arbitral proceedings"); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (affirming decision to seal documents subject to confidentiality

2

provision in settlement agreement); *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (same, with respect to a confidential arbitral award).[1]

Although the *Stafford* Court acknowledged that the presumption of access to judicial documents was "weaker" in that case because the underlying petition was moot, it concluded that "[t]he lack of jurisdiction over the underlying dispute does not, on its own, resolve the sealing issue." *Stafford*, 78 F.4th at 70. Nothing about the instant case, therefore, separates it from the norm addressed in *Stafford*. Quite the contrary, petitioner's bid to confirm the arbitral award is unopposed, and the Court will grant that relief in a separate order today. Thus, there is no need to unseal any of the documents in question to enable the public to better understand a judicial opinion resolving a contested issue arising from an arbitration.

The Court thus concludes, consistent with *Stafford*, that the importance of confidentiality under the FAA outweighs the presumption of public access to judicial documents here. The motion to seal documents consistent with the protective order is hereby granted. The Clerk of Court is respectfully directed to close the motions pending at Dockets 11 and 17.

---

[1] Further counseling in favor of this result is the defense's submission that "the real purpose of [t]his filing is to embarrass Mr. Khan and harm him in his future business endeavors." Dkt. 15 at 2. In this vein, the Court looks with disfavor on Chapey's attempt to file an unauthorized reply, *see* Dkt. 16, which "described a highly sensitive portion of th[e] arbitral rulings that was not otherwise public," Dkt. 17, and which had been ordered sealed by the Part I judge, requiring this Court yesterday to take action to administratively seal this filing. *See Stafford*, 78 F. 4th at 71 (plaintiff's efforts to "seek confirmation and unsealing of her arbitration award even after it had been fully satisfied" was "a strong countervailing consideration against unsealing").

SO ORDERED.

                                                                                          *Paul A. Engelmayer*
                                                                                          PAUL A. ENGELMAYER
                                                                                          United States District Judge

Dated: April 9, 2025
           New York, New York

4